### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| EDINA HARSAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 21-4017-KHV-ADM |
| ) | |
| MARLA J. LUCKERT, et al., ) | |
| ) | |
| Defendants. ) | |

### ORDER GRANTING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND REPORT AND RECOMMENDATION

Pro se plaintiff Edina Harsay's ("Harsay") complaint names as defendants six current Kansas Supreme Court members in their official capacities: Chief Justice Marla J. Luckert and Justices Eric S. Rosen, Dan Biles, Evelyn Z. Wilson, Keynen Wall, Jr., and Melissa Taylor Standridge (collectively, the "Justices"). (ECF 1.) Harsay contends that the Justices violated her constitutional rights when they allegedly ignored arguments she made in a case against her former employer, the University of Kansas (the "University"), and made misleading or inaccurate statements in a Kansas Supreme Court opinion issued on November 21, 2018. As a remedy, Harsay seeks an order compelling the Justices to issue a revised opinion. In conjunction with Harsay's complaint, she also filed a Motion to Proceed In Forma Pauperis. (ECF 3.)

As discussed in further detail below, the court grants Harsay leave to proceed in forma pauperis ("IFP") but recommends that the presiding district judge dismiss her complaint for several reasons. First, Harsay seeks injunctive relief for acts or omissions that the Justices took in their judicial capacity, which is unavailable under 42 U.S.C. § 1983. Second, the Justices are protected by Eleventh Amendment sovereign immunity. And, third, even if Harsay's claim was otherwise

allowable, this court does not have the authority to issue an order directing state judicial officers in the performance of their duties.[1]

## I. HARSAY MAY PROCEED IFP.

Title 28 U.S.C. § 1915 allows courts to authorize commencing a civil action "without prepayment of fees or security therefor, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security therefor." Proceeding IFP "in a civil case is a privilege, not a right—fundamental or otherwise." *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998). The decision to grant or deny IFP status under § 1915 lies within "the sound discretion of the district court." *Engberg v. Wyoming*, 265 F.3d 1109, 1122 (10th Cir. 2001). After carefully reviewing the information Harsay provided in the financial affidavit in support of her motion, the court waives the filing fee required for her to commence this civil action. Harsay is granted leave to proceed IFP.

## II. THE COURT RECOMMENDS DISMISSING HARSAY'S COMPLAINT.

When a plaintiff proceeds IFP, the court may screen the complaint under 28 U.S.C. § 1915(e)(2)(B). The court may dismiss the complaint if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The purpose of § 1915(e)(2) is to "discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate." *Buchheit v. Green*, 705 F.3d 1157, 1161 (10th Cir. 2012).

In addition, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3). "[F]ederal courts are courts of limited

---

[1] Because the court is recommending dismissal on these grounds, the court does not address any other deficiencies in the merits or substance of Harsay's constitutional claim.

subject-matter jurisdiction," and they "may only hear cases when empowered to do so by the Constitution and by act of Congress." *Gad v. Kan. State Univ.*, 787 F.3d 1032, 1035 (10th Cir. 2015) (quotation omitted).  The power to hear a case "can never be forfeited or waived," and therefore the court always has an independent obligation to determine whether subject-matter jurisdiction exists.  *Id.* (quotation omitted); *see also Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974) ("If the parties do not raise the question of lack of jurisdiction, it is the duty of the federal court to determine the matter sua sponte.").

### A.     Legal Standard

Dismissal under § 1915(e)(2)(B)(ii) is governed by the same standard that applies to motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).  To withstand dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not sufficient to state a claim for relief.  *Id.*  Dismissal of a pro se plaintiff's complaint for failure to state a claim is "proper only where it is obvious that the plaintiff cannot prevail on the facts . . . alleged and it would be futile to give [plaintiff] an opportunity to amend."  *Curley v. Perry*, 246 F.3d 1278, 1281 (10th Cir. 2001).  The court must "accept the facts alleged in the complaint as true and view them in the light most favorable to the plaintiff."  *Mayfield v. Bethards*, 826 F.3d 1252, 1255 (10th Cir. 2016).

Similarly, to determine whether a plaintiff has adequately alleged subject-matter jurisdiction, the court looks to the face of the complaint. *Penteco Corp. v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991). The court accepts "the well-pleaded factual allegations as true, . . . but ignor[es] conclusory allegations of jurisdiction." *Kucera v. CIA*, 347 F. Supp. 3d 653, 659 (D.N.M. 2018) (citing *United States v. Rodriguez-Aguirre*, 264 F.3d 1195, 1203 (10th Cir. 2001), and *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971)), *aff'd*, 754 F. App'x 735 (10th Cir. 2018). "The party seeking the exercise of jurisdiction in his favor 'must allege in his pleading the facts essential to show jurisdiction.'" *Penteco*, 929 F.2d at 1521 (quoting *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

Because Harsay is proceeding pro se, the court construes her pleadings liberally and holds them "to a less stringent standard than those drafted by attorneys." *Johnson v. Johnson*, 466 F.3d 1213, 1214 (10th Cir. 2006). In doing so, the court does not "assume the role of advocate for the pro se litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The plaintiff still bears "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.*

**B.  Harsay's Claim Should Be Dismissed.**

Harsay's complaint alleges that she was employed by the University as an Assistant Professor in the Department of Molecular Biosciences. After the University denied her tenure and terminated her employment, she filed a petition for judicial review pursuant to the Kansas Judicial Review Act ("KJRA"), KAN. STAT. ANN. § 77-601 *et seq.* The Douglas County District Court found in favor of the University, "holding that the University's denial of promotion and tenure was supported by substantial evidence and was not unreasonable, arbitrary, or capricious." *Harsay v. Univ. of Kan.*, 430 P.3d 30, 35 (Kan. 2018).[2]

---

[2] The Kansas Supreme Court's opinion is included in Exhibit 1 to Harsay's Complaint. (*See* ECF 1-1, at 48-69.)

The Kansas Court of Appeals reversed. That court's opinion discussed the letter setting forth the University's final decision as to Harsay, which stated merely that the University's chancellor accepted the University Committee on Promotion and Tenure's ("University Committee") recommendation to deny Harsay tenure. *Harsay v. Univ. of Kan.*, 376 P.3d 98, 2016 WL 4069604, at *9 (Kan. Ct. App. July 29, 2016), *rev'd*, 430 P.3d 30 (Kan. 2018).³ The Kansas Court of Appeals determined that the University Committee had incorrect information regarding the number of grants awarded to Harsay when it made the recommendation to deny Harsay tenure. The chancellor's letter did not contain specific findings, however, and the court refrained from "speculat[ing] on whether the chancellor's decision would have been different if she had before her a recommendation from the University Committee based on accurate information." *Id.* The Kansas Court of Appeals decided to remand the case for "further consideration by the University's various tenure committees . . . based on Dr. Harsay's correct history of research productivity and scholarly works." *Id.*

The Kansas Supreme Court reversed the Court of Appeals and affirmed the District Court's judgment in favor of the University. The Kansas Supreme Court acknowledged that the number of Harsay's funded grants was misstated twice in the tenure process record. But that inaccuracy was just "one feature of one criterion in the three-criterion evaluation process [and] did not fatally pollute that process or necessarily detract from or destroy the many accurate elements the decision makers had before them." *Harsay*, 430 P.3d at 38. The court found the University's decision was supported by substantial evidence "in light of the record as a whole." *Id.*

---

³ The Kansas Court of Appeals' opinion is included in Exhibit 1 to Harsay's Complaint. (*See* ECF 1-1, at 72-94.)

Harsay alleges that she filed a motion for rehearing or modification, arguing the Kansas Supreme Court applied a standard of review that was invalidated by 2009 amendments to the KJRA and incorrectly disregarded evidence in the tenure process record that detracted from the University's decision. (ECF 1, at 4.) She also asked the court to correct statements in the opinion regarding herself and her tenure review that she characterized as "misleading." (*Id.*) The Kansas Supreme Court denied Harsay's motion. (*Id.* at 5; ECF 1-1, at 95.) Harsay then petitioned the Supreme Court for review, which was denied. *Harsay v. Univ. of Kan.*, 140 S. Ct. 201, *reh'g denied*, 140 S. Ct. 568 (2019).

Harsay now claims the Justices deprived her of rights afforded under the Fourteenth Amendment to the United States Constitution. Although Harsay does not cite the statute, the court construes her complaint to allege a claim under 42 U.S.C. § 1983. Specifically, Harsay contends that the Justices violated her right to equal protection by denying her the benefit of the KJRA because of her status as an academic and a pro se litigant. (ECF 1, at 6.) Harsay also alleges that the Justices violated her right to substantive due process by "misrepresenting" her side of the case in their opinion and "making misleading or inaccurate statements." (*Id.*) She asks this court to order the Justices to issue a revised opinion that "honestly presents [her] side of the case and omits or clarifies statements that are misleading and harmful"; acknowledges and addresses her legal arguments; and reprimands the Douglas County District Court for how it handled her case. (*Id.* at 7.) She does not seek damages or declaratory relief. For the reasons discussed below, the court recommends that Harsay's complaint be dismissed.

### 1. Injunctive Relief Against the Justices Is Unavailable Under § 1983.

Section 1983 creates a federal cause of action against any person who, acting "under color of" state law, deprives an individual of federal rights. But the statute states that "in any action

6

brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.  Thus, judicial officers are generally "explicitly immunized not only against damages but also against suits for injunctive relief under 42 U.S.C. § 1983."[4] *Ysais v. New Mexico*, 373 F. App'x 863, 866 (10th Cir. 2010).

Here, Harsay's claim is made against judicial officers for acts and omissions they took in their official capacities as Justices of the Kansas Supreme Court.  She seeks injunctive relief— namely, an order directing the Justices to issue a revised opinion in *Harsay v. University of Kansas*. *See Westar Energy, Inc. v. Lake*, 552 F.3d 1215, 1222 (10th Cir. 2009) ("[T]his court defines injunctive relief as all equitable decrees compelling obedience under the threat of contempt." (quotation omitted)).  But Harsay does not allege that any declaratory decree was violated or that declaratory relief is unavailable.  Harsay's claim for injunctive relief against the Justices under § 1983 is therefore barred by the statute's plain language and should be dismissed.  *See Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011) (affirming dismissal of § 1983 case in favor of state court judges where plaintiff failed to show the conditions for injunctive relief set forth in the statute were satisfied); *Rahimi v. Sweat*, 748 F. App'x 849, 850-53 (10th Cir. 2018) (affirming summary judgment in a § 1983 case where the pro se plaintiff sought an order requiring the defendant state court judge to take action after allegedly ignoring plaintiff's case and allowing trespass on plaintiff's property); *Catanach v. Thomson*, 718 F. App'x 595, 599-600 (10th Cir. 2017) (affirming dismissal of a § 1983 case where the pro se plaintiff did not allege that the defendant state court

---

[4] Federal common law judicial immunity bars claims for damages against a judge unless the judge's actions were not taken in his or her judicial capacity or the judge was acting in the complete absence of jurisdiction.  *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991).  Harsay does not seek damages in this case.  Even if she did, immunity would apply because Harsay's claim arises out of the Justices' actions in their judicial capacity and presumably within their jurisdiction.

judge "violated a declaratory judgment or that declaratory relief was unavailable," thus the claim for injunctive relief was "barred by the statute itself"); *Hawver v. Nuss*, No. 5:14-CV-04084-DGK, 2015 WL 1470397, at *3 (D. Kan. Mar. 31, 2015) (dismissing plaintiff's § 1983 case for injunctive relief against the then-sitting Kansas Supreme Court Justices where the complaint did "not allege that a declaratory decree was violated or declaratory relief was unavailable").

### 2. Eleventh Amendment Immunity Bars Harsay's Claim.

Harsay's claim is also barred by Eleventh Amendment immunity. The Eleventh Amendment grants sovereign immunity to the states and operates to divest the court of subject-matter jurisdiction. *See* U.S. CONST. amend. XI; *Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013) ("The Eleventh Amendment is a jurisdictional bar . . . ."). "The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court." *Bd. of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001). Suits against state officials in their official capacity are "treated as suits against the State," thus these officials may be entitled to Eleventh Amendment immunity. *Hafer v. Melo*, 502 U.S. 21, 25 (1991) ("[I]mmunities available to the defendant in an official-capacity action are those that the governmental entity possesses."). Eleventh Amendment immunity, however, "is not absolute" and does not apply in three situations:

> First, a state may consent to suit in federal court. Second, Congress may abrogate a state's sovereign immunity by appropriate legislation when it acts under Section 5 of the Fourteenth Amendment. Finally, under *Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), a plaintiff may bring suit against individual state officers acting in their official capacities if the complaint alleges an ongoing violation of federal law and the plaintiff seeks prospective relief.

*Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1166 (10th Cir. 2012) (citations omitted).

8

Here, this lawsuit is treated as against the state of Kansas because Harsay named the Justices in their official capacities. Harsay's complaint does not contend that the state consented to her suit. And Congress did not abrogate the states' sovereign immunity when it enacted § 1983. *Quern v. Jordan*, 440 U.S. 332, 341 (1979). Accordingly, Eleventh Amendment immunity bars Harsay's claim against the Justices unless the *Ex parte Young* exception applies. To determine that, "a court need only conduct a straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002) (alteration in original) (quotation omitted). The *Ex parte Young* exception "is narrow: It applies only to prospective relief, [and it] does not permit judgments against state officers declaring that they violated federal law in the past." *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993).

Harsay's complaint contends that the Justices violated her constitutional rights by allegedly failing to acknowledge her arguments and making misleading or inaccurate statements in the Kansas Supreme Court's 2018 opinion in *Harsay v. University of Kansas*. (ECF 1, at 6.) These allegations relate to *past* conduct rather than any ongoing violations.[5] *See Catanach*, 718 F. App'x at 598-99 (affirming dismissal on immunity grounds where the pro se plaintiff sought relief from the defendant judge's past rulings); *O'Rourke ex rel. B.G.O. v. Tulsa Cty.*, No. 19-CV-0076-JHP-JFJ, 2019 WL 2388800, at *4 (N.D. Okla. June 6, 2019) (finding no allegation of an ongoing violation where the pro se plaintiff alleged the defendant judge violated his "constitutional rights in the past—specifically, in relation to rulings and hearings on his bond"); *cf. Moore v. Ideus*, No.

---

[5] Some claims based on past harms may fall under *Ex parte Young*, such as situations where a plaintiff seeks to remedy continued exclusion from a university, continued denial of employment, or continued refusal to provide a hearing. *Columbian Fin. Corp. v. Stork*, 702 F. App'x 717, 721 (10th Cir. 2017). But Harsay does not make allegations of this nature here.

4:18CV3052, 2018 WL 5085709, at *3 (D. Neb. Oct. 18, 2018) (finding a pro se plaintiff seeking a declaration that the defendant judge injured his reputation and violated the Nebraska Constitution and his equal protection rights was really seeking "a declaration of past liability" that was barred by sovereign immunity). And although Harsay contends that she has suffered "lasting, continuous[] harm" because the 2018 opinion is easily available to the public via the internet (*see* ECF 1, at 5, 7-8), this does not amount to an allegation that the Justices are committing ongoing constitutional violations. *Cf. Goodson v. Maggi*, No. CIV. A. 08-44, 2009 WL 2960386, at *7 n.6 (W.D. Pa. Sept. 14, 2009) (no ongoing violation where the plaintiff argued a continuing due process violation "because the state court decisions [had] not been vacated or reversed").

Harsay is asking this court to review the state court case and order the Justices to vacate the 2018 opinion. (ECF 1, at 7 ("The remedy I seek from the Defendants is a revised opinion.").) This remedy is not prospective. *See Aron v. Becker*, 48 F. Supp. 3d 347, 368 (N.D.N.Y. 2014) (finding a request for an injunction "non-prospective" to the extent that the pro se plaintiff claimed the defendant judge improperly applied procedures and was seeking the court's review of her state case); *Bowling v. Evans*, No. 4:18-CV-610-ALM-CAN, 2019 WL 5395564, at *5 (E.D. Tex. Mar. 8, 2019) (finding the injunctive relief sought was "retroactive in nature" where the pro se plaintiff requested the court "vacate and/or reverse Justice Evans's prior orders and/or rulings in the state court case entered at the appellate level"); *Goodson*, 2009 WL 2960386, at *7 (finding requested injunctive and declaratory relief was "not prospective at all" when it was really an attempt to have the court "review the prior decisions of the state court judges"). Harsay's complaint does not allege any ongoing violation of federal law or seek relief that would be properly characterized as prospective. Thus, *Ex parte Young* does not apply. The court therefore recommends that Harsay's claim also be dismissed because the Justices are entitled to Eleventh Amendment immunity.

### 3. This Court Does Not Have the Authority to Order the Justices to Issue a Revised Opinion.

Harsay's claim should also be dismissed because the sole remedy she seeks is akin a writ of mandamus directing the Justices to take action in their judicial capacities. This court has "no authority to issue such a writ to direct state courts or their judicial officers in the performance of their duties." *Knox*, 632 F.3d at 1292 (quotation omitted); *see also Smith v. U.S. Ct. of Appeals for the Tenth Cir.*, 484 F.3d 1281, 1287 (10th Cir. 2007) (affirming the district court's dismissal of a claim seeking a federal court order compelling a state trial judge to consider the plaintiff's constitutional claims). Accordingly, Harsay's claim should also be dismissed because the court cannot grant the relief she seeks.

### III. CONCLUSION

Section 1983's plain language bars Harsay from obtaining the relief she seeks. Further, this court lacks subject-matter jurisdiction over Harsay's claim because Eleventh Amendment sovereign immunity protects the Justices from suit. Furthermore, this court is not empowered to issue an order directing the Justices in the performance of their duties as state judicial officers. For these reasons, the court recommends that the presiding district judge dismiss Harsay's complaint.

\* \* \* \* \*

Pursuant to 28 U.S.C. § 636(b)(1), FED. R. CIV. P. 72(b)(2), and D. KAN. RULE 72.1.4(b), plaintiff may file written objections to this report and recommendation within fourteen days after being served with a copy. If plaintiff fails to file objections within the fourteen-day time period, no appellate review of the factual and legal determinations in this report and recommendation will be allowed by any court. *See In re Key Energy Res. Inc.*, 230 F.3d 1197, 1199-1200 (10th Cir. 2000).

**IT IS THEREFORE ORDERED** that plaintiff Edina Harsay's Motion to Proceed In Forma Pauperis (ECF 3) is granted.

**IT IS FURTHER RECOMMENDED** that Harsay's complaint be dismissed for the reasons set forth above.

**IT IS FURTHER ORDERED** that the clerk's office mail a copy of this Order and Report and Recommendation to Harsay via regular mail and certified mail, return receipt requested.

**IT IS SO ORDERED.**

Dated March 29, 2021, at Topeka, Kansas.

s/ Angel D. Mitchell  
Angel D. Mitchell  
U.S. Magistrate Judge
